*737 OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
On March 20, 2015, plaintiff commenced this residential mortgage foreclosure action. The borrower, now deceased, failed to make payments starting September 1, 2008. Borrower Belle Eisenman died on August 19, 2013. Issue was joined on May 4, 2015.
Plaintiff now moves for summary judgment and an order of reference.
Defendant opposes[1] the motion on the ground that, inter alia, the case should be dismissed due to plaintiffs failure to serve it, the Estate of Belle Eisenman, with notice of default pursuant to RPAPL 1304.[2]
Discussion
A party seeking summary judgment bears the initial burden of affirmatively demonstrating its entitlement to summary judgment as a matter of law. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) “Once this showing has been made . . . the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez, 68 NY2d at 324; see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Here, plaintiff established prima facie entitlement to summary judgment and an order of reference. In opposition, defendant fails to raise an issue of fact precluding summary judgment in plaintiff’s favor. Defendant’s laches argument is without merit, as defendant has not made a mortgage payment since 2008. Moreover, contrary to defendant’s claim, the January 30, 2012 dismissal of a prior action commenced against Belle Eisenman was not dismissed on the merits and is not res judicata precluding this action.
With respect to defendant’s claim that plaintiff failed to comply with the notice provosions of RPAPL 1304, that argu *738 ment is also without merit. Although there is no Appellate Division case on point, several trial courts have addressed the issue of whether the notice provisions of RPAPL 1304 apply where the borrower is deceased. In Bank of N.Y. Mellon v Roman (2012 NY Slip Op 31687 [U] [Sup Ct, Queens County 2012]), the motion court found RPAPL 1304 inapplicable where the borrower is deceased. The court noted:
“RPAPL § 1304 provides, inter alia, with regard to a home loan, that at least ninety days before a lender begins an action against a borrower to foreclose on a mortgage the lender must provide notice to the borrower that the loan is in default and his home is at risk (see Aurora Loan Services, LLC v Weisblum, 85 AD3d 95 [2d Dept. 2011]). ‘Proper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of the foreclosure action’ (Aurora Loan Services, LLC v Weisblum, supra, p. 103).
“However, pursuant to RPAPL § 1304[2], the notice is to be sent to the borrower by registered or certified mail and by first class mail to the last known address of the borrower. Here, the borrower, Pablo Roman, who signed both the note and mortgage individually, was deceased 90 days prior to the commencement of the foreclosure action. Neither Ana Roman nor Aracelis Roman, who have a present interest in the property, assumed the mortgage or obtained a new mortgage in their own names. Accordingly, as the statute requires only that the borrower be given notice and as the borrower, Mr. Pablo Roman died more than four years prior to the commencement of the action, this Court finds that the provisions of RPAPL § 1304 are not applicable herein” (Bank of N.Y. Mellon, 2012 NY Slip Op 31687[U], *4).
In an analogous case, US Bank v Hasan (42 Misc 3d 1221 [A], 2014 NY Slip Op 50115[U] [Sup Ct, Kings County 2014]), the trial court found that the notice provisions of RPAPL 1304 did not apply to the non-obligor spouse owner, who had not signed the note. The court stated:
“RPAPL 1304 states in relevant part: ‘at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action *739 against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan ser-vicer shall give notice to the borrower . . of certain statutorily mandated information. It is clear, however, that the notice need only be sent to a ‘borrower.’ While the statute does not define that term, logic dictates that a ‘borrower’ is someone who, at a minimum, either received something and/or is responsible to return it. Mohamad not only did not sign the note herein, his ‘non-obligor’ status is clearly delineated on the mortgage and various riders. To the extent that it appears that only Gamal was obligated to repay the loan, only he was the ‘borrower’ ” (US Bank v Hasan, 42 Misc 3d 1221 [A], 2014 NY Slip Op 50115[U], *2).
Here, Belle Eisenman, the borrower, is deceased. Thus, there can no longer be notice given to the borrower. Accordingly, the notice provisions of RPAPL 1304 do not apply.
Based on the foregoing, plaintiff’s motion for summary judgment and an order of reference is granted.

. Although defendant’s papers indicate it is also moving for summary-judgment, since it did not make a cross motion its papers are treated solely as opposition to plaintiff’s motion.

. The court asked the parties to submit supplemental briefs on the issue of whether the notice provisions of RPAPL 1304 apply where the borrower is deceased.